UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TITO BARRON-AGUILAR,

Petitioner,

v.

HAROLD WICKHAM, *et al.*,

Respondents.

Case No. 3:17-cv-00548-MMD-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application to proceed *in forma pauperis* (ECF No. 1), on his motion for appointment of counsel (ECF No. 1-2) submitted with the petition, and for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules").

Petitioner has paid the filing fee. The pauper application therefore will be denied as moot.

On the motion for appointment of counsel, the financial exhibits submitted with the pauper application establish petitioner's financial eligibility for appointment of counsel under 18 U.S.C. § 3006A. The Court finds that appointment of counsel is in the interests of justice given, *inter alia*, the relative length of petitioner's aggregate sentence, the fact that petitioner was not represented by counsel in the state post-conviction proceedings as that pertains to the holding in *Martinez v. Ryan*, 566 U.S. 1 (2012), and the possibility that substantial time may remain in the federal limitation period under 28 U.S.C. § 2244(d), allowing federal habeas counsel the opportunity to investigate and pursue available claims potentially without relation back limitations. However, petitioner at all times remains responsible for properly calculating the running of the limitation period and timely presenting claims.

It is therefore ordered that petitioner's (ECF No. 1) to proceed *in forma pauperis* application is denied as moot.

It is further ordered that, the filing fee having been paid, the Clerk of Court will file the petition and accompanying motion for appointment of counsel, that the motion for appointment of counsel is granted, and that the Clerk will reflect the grant of the motion when docketing the motion. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It is further ordered that the Federal Public Defender will be provisionally appointed as counsel and will have thirty (30) days to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then will appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for Monday, May 7, 2018, in the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).[1]

It is further ordered, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk add state attorney general Adam P. Laxalt as counsel for respondents and make informal electronic service of this order upon respondents by directing a notice of electronic filing to him. Respondents' counsel must

---

[1] Petitioner additionally may move to invoke a "two-step" amendment procedure. *See, e.g., Harsh v. Gentry*, No. 2:17-cv-02069-MMD-NJK, ECF No. 15 (D. Nev., Nov. 16, 2017).

enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response will be required from respondents until further order of the Court.

The Clerk accordingly will send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

The Clerk further will provide copies of all prior filings herein to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

DATED THIS 6th day of December 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE