UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TITO BARRON-AGUILAR,<br><br>                 Petitioner,<br>    v.<br>HAROLD WICKHAM, *et al.*,<br><br>                 Respondents. | Case No. 3:17-cv-00548-MMD-VPC<br><br>ORDER |

This counseled habeas petition comes before the Court on Petitioner's motion for a stay and abeyance (ECF No. 28). Respondents do not oppose (ECF No. 31).

Petitioner initiated this action on or about August 31, 2017, with the dispatch of a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 5.) On December 6, 2017, the Court provisionally appointed the Federal Public Defender to represent the Petitioner. (ECF No. 4.) Counsel was officially appointed on January 25, 2018, and filed an amended petition for writ of habeas corpus on May 3, 2018. (ECF Nos. 10, 11.) Petitioner recognizes that his amended petition contains unexhausted claims and thus, shortly after filing his amended petition, he initiated habeas proceedings in state court. Petitioner now asks this Court to stay his federal action while he completes the ongoing state proceedings.[1]

///

///

///

---

[1] Before Petitioner's motion to stay was filed, Respondents moved to dismiss, which motion is currently pending.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005). This Court has declined to prescribe the strictest possible standard for issuance of a stay. *See, e.g.*, *Riner v. Crawford*, 415 F. Supp.2d 1207, 1210 (D. Nev. 2006). "[I]t would appear that good cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Id.* Thus, a petitioner's confusion over whether his petition would be timely filed constitutes good cause for the petitioner to file his unexhausted petition in federal court. *See id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416–17 (2005)).

Petitioner asserts that many of his unexhausted claims could not have been exhausted in his first state court postconviction proceedings because he did not have counsel in those proceedings and, as an incarcerated prisoner, he could not have discovered the evidence supporting the claims himself. Specifically, and importantly,

Petitioner asserts that he only just learned through current counsel's investigation that the confidential informant ("CI") who testified against him at trial received benefits that were neither disclosed to the defense nor shared at trial. (*See* ECF No. 28 at 5; ECF No. 24-1 at 129–86.)[2] Relatedly, Petitioner asserts in his petition that trial counsel was ineffective for failing to uncover the benefits the CI received. (ECF No. 11 at 23–24.) Petitioner asserts good cause based on the allegedly withheld *Brady* evidence and the lack of counsel for his first state habeas petition.

The Court agrees with Petitioner that good cause exists for the failure to first exhaust his claims in state court before filing his federal habeas petition. The Court further finds that at least one of Petitioner's claims is not "plainly meritless," and that Petitioner has not engaged in intentionally dilatory litigation tactics. Accordingly, Petitioner's unopposed request for a stay and abeyance (ECF No. 28) will be granted.

In accordance with the foregoing, Petitioner's unopposed motion for stay and abeyance (ECF No. 28) is granted.

It is further ordered that this action is stayed pending exhaustion of the claims in Petitioner's petition.

It is further ordered that the grant of a stay is conditioned upon Petitioner litigating his state postconviction petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

It is further ordered that the Clerk administratively close this action, until such time as the Court grants a motion to reopen the matter.

It is further ordered that Respondents' motion to dismiss (ECF No. 19) is denied without prejudice as moot. In any order granting a motion to reopen, the Court will reset

///

---

[2]Page citations are to the CM/ECF number at the top of the page. As noted by Petitioner, the relevant portion of the trial transcript cited here misidentifies the witness, Charles Kurash, as a "Potential Juror" and the questioning attorney as "the Court Clerk."

the deadline for Respondents to answer or otherwise respond to the amended petition and for Petitioner to respond to any motions or file a reply to the answer.

DATED THIS 28th day of September 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE