UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TITO BARRON-AGUILAR,<br><br>Petitioner,<br>v.<br><br>HAROLD WICKHAM, *et al.*,<br><br>Respondents. | Case No. 3:17-cv-00548-MMD-CLB<br><br>ORDER |

**I. SUMMARY**

This habeas matter is before the Court on Respondents' motion to dismiss (ECF No. 43 ("Motion")).[1] For the reasons discussed below, Respondents' Motion is denied.

**II. BACKGROUND**[2]

Petitioner Tito Barron-Aguilar challenges a 2014 conviction and sentence imposed by the Second Judicial District Court for Washoe County ("state court"). *See State v. Barron-Aguilar*, Case No. CR14-0605 (Nev. Dist. Ct. 2014). Following a jury trial, Petitioner was found guilty of: (1) four counts of unlawful sale of a controlled substance; (2) three counts of trafficking in a controlled substance; and (3) one count of conspiracy to violate the Uniform Controlled Substances Act. (ECF No. 21-3.) The state court entered a judgment of conviction on October 15, 2014. The court sentenced Petitioner to 25 years with parole eligibility after a minimum of 10 years for one trafficking count with an aggregate of 24-84 months on two other counts, running consecutive to the trafficking count, and 74-300 months on the remaining five counts, running concurrently to the trafficking count. (ECF No. 23-11.)

---

[1]The Court has reviewed Petitioner's response (ECF No. 46) and Respondents' reply (ECF No. 56).

[2]This procedural history is derived from exhibits located at ECF Nos. 21, 22, 23, and 35 on the Court's docket.

Petitioner appealed and the Nevada Supreme Court affirmed the conviction on direct appeal. (ECF No. 27-5.) Petitioner sought post-conviction relief in a *pro se* state petition for writ of habeas corpus (ECF No. 27-8), which the state court denied. (ECF No. 27-15.) The Nevada Supreme Court affirmed the denial of relief. (ECF No. 27-24.) On September 8, 2017, Petitioner initiated this federal habeas proceeding *pro se*. (ECF No. 1.) This Court appointed counsel on initial review and granted leave to amend the petition. (ECF No. 4.) Petitioner filed a counseled first amended petition for writ of habeas corpus (ECF No. 11 ("First Amended Petition")) alleging five grounds for relief.

Petitioner acknowledged that Grounds C, D, and E of his First Amended Petition were unexhausted. (*Id.* at 15, 18, 21.) Respondents moved to dismiss certain claims as unexhausted. (ECF No. 19.) Petitioner responded by requesting a stay and abeyance to exhaust his state remedies. (ECF No. 28.) The Court stayed this action pending exhaustion of his claims in Nevada state courts and denied Respondents' dismissal motion without prejudice. (ECF No. 32.)

In June 2018, Petitioner filed a second state petition for writ of habeas corpus (ECF No. 35-12 ("Second State Petition")), asserting claims identical to Grounds B, C, D, and E of the First Amended Petition. The Second State Petition was denied as untimely and successive. (ECF No. 35-19.) The Nevada Supreme Court affirmed the denial of relief. (ECF No. 35-30.) In July 2020, this Court granted Petitioner's unopposed request to reopen this case and set a schedule to complete briefing. (ECF Nos. 34, 36, 37.) The Court instructed Petitioner to further amend his petition to update the procedural history and statements of exhaustion to include the recent post-conviction proceedings in Nevada state courts regarding the Second State Petition without supplementing or altering the claims alleged in the First Amended Petition. (*Id.*) Petitioner timely filed a second amended petition for writ of habeas corpus (ECF No. 38 ("Second Amended Petition")).

///

///

1 | Respondents renew their motion to dismiss. Given the recent state proceedings in Nevada state courts, Respondents argue Grounds B[3], C, D, and E are procedurally defaulted and/or barred.

**III.   DISCUSSION**

Federal courts are barred from considering a state inmate's habeas claim if the state courts denied his or her claim based on an independent and adequate state procedural rule. *See Edwards v. Carpenter*, 529 U.S. 446, 454-55 (2000). Nevada's one-year statute of limitation[4] for post-conviction petitions and prohibition on second or successive post-conviction petitions are independent and adequate state procedural rules as applied in non-capital cases. *See, e.g.*, *Williams v. Filson*, 908 F.3d 546, 580 (9th Cir. 2018); *Bargas v. Burns*, 179 F.3d 1207, 1211-14 (9th Cir. 1999). Additionally, a federal court may consider a claim procedurally defaulted where "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). When a petitioner "procedurally defaults" a federal claim, judicial review is barred unless he or she can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (stating that the miscarriage of justice exception ensures "that federal constitutional errors do not result in the incarceration of innocent persons.").

To demonstrate cause, the petitioner must show that some external and objective factor impeded his or her efforts to comply with the procedural rule. *See Maples v. Thomas*, 565 U.S. 266, 280-81 (2012). Ignorance or inadvertence does not establish cause. *See Murray v. Carrier*, 477 U.S. 478, 486-87 (1986). To show prejudice, a petitioner must prove not merely that the error created a possibility of prejudice, but that

---

[3]Respondents, however, withdrew their request to dismiss Ground B as procedurally barred after Petitioner filed his opposition. (ECF No. 56 at 2.)

[4]NRS § 34.726; NRS § 34.810(2).

the error worked to his or her actual and substantial disadvantage, infecting the entire proceeding with constitutional error. *See Carrier*, 477 U.S. at 494; *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019). To demonstrate a fundamental miscarriage of justice, a petitioner must show that the constitutional error complained of probably resulted in the conviction of an innocent person. *See Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). This is a narrow exception, and it is reserved for extraordinary cases only. *See Sawyer v. Whitley*, 505 U.S. 333, 340 (1992).

**A.    Ground C**

In Ground C, Petitioner alleges that he was denied due process of law and a fair trial under the Fifth, Sixth, and Fourteenth Amendments where the State of Nevada failed to disclose, or correct, information about the benefit the confidential informant received because of his cooperation with the State, and where the State failed to disclose the confidential informant's criminal record. (ECF No. 38 at 20.) For this claim, Petitioner relies on *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and *Napue v. Illinois*, 360 U.S. 264 (1959). Respondents argue that Ground C is procedurally barred because the Nevada Supreme Court held that Petitioner's Second State Petition was untimely and successive. (ECF No. 43 at 7.)

Relying on *Cooper v. Neven*, 641 F. 3d 322, 332 (9th Cir. 2011), Petitioner argues the Nevada Supreme Court's procedural holding was not independent of federal law, therefore, Ground C is not barred. (ECF No. 46 at 11-12.) Petitioner asserts that the court's state procedural default analysis was interwoven with federal law because it considered the merits of Petitioner's *Brady* claim, and the *Brady* analysis controlled the outcome of whether Petitioner established good cause and prejudice to overcome the state procedural bar to relief. (*Id.*) Respondents argue that the court's conclusion that Petitioner's Second State Petition was untimely was not based on federal law and that the court applied *Brady* solely to determine Petitioner did not establish good cause or actual prejudice. (ECF No. 56 at 2-3.) Respondents further argue that *Cooper* is "bad law"

///

4

because "a procedural default determination is separate from and independent of the good cause and actual [sic] determination analysis." (*Id.* at 3.)

A state procedural rule constitutes an "independent" bar if it is not interwoven with federal law or dependent upon a federal constitutional ruling. *See Ake v. Oklahoma*, 470 U.S. 68, 75 (1985); *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001). "A state law ground is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000) (*quoting Ake*, 470 U.S. at 75). Here, the Nevada Supreme Court affirmed that Petitioner's Second State Petition was untimely and successive. (Ex. 51.) However, in ruling that Petitioner did not establish cause and prejudice to excuse the procedural bar, the state court considered two of the three elements of the federal *Brady* claim. (*Id.*) Accordingly, as the Ninth Circuit Court of Appeals held in *Cooper*, under these circumstances, the Nevada Supreme Court's decision did not rest on an independent and adequate state ground and does not bar federal habeas review. *See Cooper*, 641 F. 3d at 333. Respondents' request to dismiss Ground C as procedurally barred is denied.

### A. Grounds D and E

In Ground D, Petitioner alleges that his counsel rendered ineffective assistance because trial counsel failed to object to jury instructions that allowed Petitioner to receive a higher mandatory sentence when the requisite element was not found by the jury beyond a reasonable doubt. (ECF No. 38 at 24.) In Ground E, Petitioner alleges that counsel rendered ineffective assistance due to counsel's deficient handling of the confidential informant. (*Id.* at 28.) Respondents contend dismissal is warranted because the Nevada Supreme Court applied state procedural bars when the court affirmed denial of Petitioner's Second State Petition. (ECF No. 43 at 7-8.)

Petitioner argues that he can demonstrate good cause and prejudice to excuse procedural default under *Martinez v. Ryan*, 566 U.S. 1 (2012), because he did not have counsel during his initial post-conviction proceedings. (ECF No. 46 at 13.) Respondents

request that the *Martinez* analysis be deferred to the answer. (ECF No. 56 at 3.) Respondents did not provide a substantive response to Petitioner's cause and prejudice arguments.

"Generally, post-conviction counsel's ineffectiveness does not qualify as cause to excuse a procedural default." *Ramirez v. Ryan*, 937 F.3d 1230, 1241 (9th Cir. 2019) (citing *Coleman*, 501 U.S. at 754-55). However, in *Martinez*, the United States Supreme Court created a narrow exception to the general rule that errors of post-conviction counsel cannot provide cause for a procedural default. *Id.* at 16-17. The United States Supreme Court held that the absence or inadequate assistance of counsel in an initial review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 9.

The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar under Nevada state law. *See Brown v. McDaniel*, 130 Nev. 565, 331 P.3d 867, 875 (Nev. 2014). Therefore, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred, but that he or she nonetheless has a potentially viable cause and prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

To establish cause and prejudice for a trial-level ineffective-assistance-of-counsel ("IAC") claim under *Martinez*, a petitioner must show that:

> (1) post-conviction counsel performed deficiently; (2) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different, and (3) the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Ramirez*, 937 F.3d at 1242 (internal quotations omitted). The *Martinez* test relies on *Strickland v. Washington*, 466 U.S. 668 (1984), for its first and second "cause" prongs. *Id.* at 1241. Notably, a federal district court's determination of the second prong—whether

1 there was a reasonable probability that the result of the post-conviction proceedings
2 would be different—"is necessarily connected to the strength of the argument that trial
3 counsel's assistance was ineffective." *Id.* (quoting *Clabourne v. Ryan*, 745 F.3d 362, 377
4 (9th Cir. 2014)). The third "prejudice" prong directs courts to assess the merits of the
5 underlying trial-level IAC claim. *Ramirez*, 937 F.3d at 1241. A procedural default will not
6 be excused if the underlying IAC claim "is insubstantial," *i.e.*, it lacks merit or is "wholly
7 without factual support." *Id.* (quoting *Martinez*, 566 U.S. at 14-16).

This Court finds that the cause-and-prejudice analysis of Grounds D and E is necessarily connected to the merits of the claims themselves and will defer a determination on both questions until a merits determination. Accordingly, Respondents' Motion is therefore denied without prejudice on those grounds. Respondents may renew their procedural default arguments in their answer.

**IV. CONCLUSION**

It is therefore ordered that Respondents' motion to dismiss (ECF No. 43) is denied as follows:

1. Respondents' request to dismiss Ground C as procedurally barred is denied.

2. Respondents' request to dismiss Grounds D and E is denied without prejudice. A decision on whether Petitioner can demonstrate cause and prejudice under *Martinez* as to Grounds D and E is deferred until after the parties have answered and replied.

It is further ordered that Respondents shall file an answer to the Second Amended Petition (ECF No. 38) within 60 days of entry of this order. The answer must include substantive arguments on the merits as to each surviving claim, in addition to raising any procedural defenses authorized by this order. In filing the answer, Respondents must comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

///

It is further ordered that Petitioner will have 60 days following service of the answer to file and serve a reply brief.

DATED THIS 29th Day of June 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE