UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TITO BARRON-AGUILAR,

                             Petitioner,

     v.

KYLE OLSEN, *et al.*,

                           Respondents.

Case No. 3:17-cv-00548-MMD-CLB

ORDER

## I.    SUMMARY

This habeas matter is before the Court on Petitioner Tito Barron-Aguilar's motion to strike procedural defense (ECF No. 70) and motion to extend time (ECF No. 73). For the reasons discussed below, Barron-Aguilar's motion to strike procedural defense is denied and his motion to extend time is granted.

## II.    BACKGROUND

Barron-Aguilar challenges a 2014 conviction of four counts of unlawful sale of controlled substance, three counts of trafficking in a controlled substance, and one count of conspiracy to violate the Uniform Controlled Substances Act, and the sentence imposed by the Second Judicial District Court for Washoe County in this habeas action. (ECF No. 21-3.) The Nevada Supreme Court affirmed the conviction on direct appeal. (ECF No. 27-5.) Barron-Aguilar sought post-conviction relief in a *pro se* state petition for writ of habeas corpus (ECF No. 27-8), which the state court denied. (ECF No. 27-15.) The Nevada Supreme Court affirmed the denial of relief. (ECF No. 27-24.)

In September 2017, Barron-Aguilar initiated this federal habeas proceeding. (ECF No. 1.) Respondents moved to dismiss certain claims in Barron-Aguilar's counseled first amended petition as unexhausted. (ECF No. 19.) Barron-Aguilar requested a stay and abeyance to exhaust his state remedies and the Court stayed the action pending

1  exhaustion of his claims in Nevada courts. (ECF Nos. 28, 32.) In June 2018, Barron-
2  Aguilar filed a second state petition for writ of habeas corpus (ECF No. 35-12 ("Second
3  State Petition")) asserting claims identical to Grounds B, C, D, and E of the first amended
4  petition. The Second State Petition was denied as untimely and successive. (ECF No. 35-
5  19.) The Nevada Supreme Court later affirmed the denial of relief. (ECF No. 35-30.)

6  This Court granted Barron-Aguilar's motion to reopen, and he filed a second
7  amended petition. (ECF Nos. 37, 38.) Respondents moved to dismiss that petition and
8  the Court denied the motion to dismiss deferring its decision on whether Barron-Aguilar
9  can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), as to
10  Grounds D and E until after the parties have answered and replied. (ECF No. 57.)
11  Respondents subsequently filed their answer, and they argue that Ground A should be
12  dismissed as unexhausted. (ECF No. 69 at 20-21.) In the alternative, Respondents
13  address Ground A on the merits and argue that the claim fails. (*Id.* at 21-23.)

14  Barron-Aguilar now moves the Court to deem Respondents' argument that Ground
15  A is unexhausted waived. (ECF No. 70 at 3.) He asserts that Respondents argue Ground
16  A is unexhausted for the first time—four years after Ground A was first raised and despite
17  Respondents' filing of two previous motions to dismiss. (*Id.* at 3.) Barron-Aguilar further
18  asserts that Respondents' exhaustion argument is made in violation of the Court's
19  scheduling order, which instructs Respondents to raise procedural defenses "in a single
20  consolidated motion to dismiss." (*Id.* at 3-4.) Although Respondents acknowledge that
21  they failed to raise the defense in a motion to dismiss, they nevertheless argue that the
22  exhaustion requirement must be expressly waived under 28 U.S.C. § 2254(b)(3). (ECF
23  No. 71 at 3-4.) Respondents further argue that Barron-Aguilar will not be prejudiced by
24  addressing Respondents' exhaustion defense. (*Id.* at 5.)

25  **III.   DISCUSSION**

26  **A.   Motion to Strike Procedural Defense**

27  In its scheduling order, this Court provided the following instructions regarding
28  procedural defenses:

2

. . . any procedural defenses raised by respondents to the counseled amended petition must be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.

(ECF No. 10 at 2 (emphasis in original).)

The intent of the scheduling order was that any exhaustion defense be presented in a single, consolidated motion to dismiss, together with any and all other procedural defenses. There is nothing about an exhaustion defense such as the one raised in the answer that could not have been ascertained at the time of the prior motion to dismiss. Under 28 U.S.C. § 2254(b)(3), however, "[a] State shall not be deemed to have waived the exhaustion requirement . . . unless the State, through counsel, expressly waives the requirement." Respondents have not done so here. A waiver premised on the Respondents failing to raise the defense "knowing it was subject to waiver" is nothing more than an implied waiver. (*See* ECF No. 72 at 3.) Accordingly, Barron-Aguilar's motion to strike is denied.

Moreover, as construed by the Ninth Circuit, a district court does not have unfettered discretion under § 2254(b)(2) to either address the exhaustion defense or instead simply rule on the merits. *See Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). Instead, the district court can dismiss an unexhausted claim on the merits "only when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Id.* If the claim is not subject to this standard of near frivolity, the district court may not consider the merits of the claim if the petitioner has failed to exhaust state remedies, and the court must instead follow the *Rose* choice procedures under *Rose v. Lundy*, 455 U.S. 509 (1982).[1] The Court, therefore, will address the exhaustion defense prior to disposition

---

[1]Under *Rose*, a petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief. 455 U.S. at 509.

of the merits on the remaining claims upon the filing of Barron-Aguilar's reply. As such, the Court now has to delay adjudication of a nearly fully-argued case and instead provide further proceedings.

**B.     Motion to Extend**

Barron-Aguilar seeks an extension of time to file his reply in support of his second amended petition for writ of habeas corpus until the Court rules on his motion to strike. (ECF No. 73.) The Court finds that the request is made in good faith and not solely for the purpose of delay, and therefore, good cause exists to grant Barron-Aguilar's motion. Barron-Aguilar will have until October 4, 2022, to file his reply.

**IV.     CONCLUSION**

It is therefore ordered that Petitioner Tito Barron-Aguilar's motion to strike procedural defense (ECF No. 70) is denied.

It is further ordered that Petitioner's motion to extend (ECF No. 73) is granted. Petitioner has until October 4, 2022, to file his reply.

DATED THIS 4th Day of August 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE